# WHEELING.

NORTHWESTERN BANK OF VIRGINIA *v.* FLESHMAN'S ADM'R.

Submitted January 18, 1883—Decided October 27, 1883.

1. In an action of debt on an injunction-bond the obligors are estopped to deny, that there was such a judgment, as the bond

recites had been enjoined, or to deny that the injunction had
been awarded. (p. 325.)

2. The plaintiff may show the breach of the condition of such bond
by the production of an attested copy of the decree in a chan-
cery cause dissolving such injunction without producing the
whole record in such chancery cause, if the decree on its face
shows, that the injunction dissolved was the same as the injunc-
tion recited in the injunction-bond sued on. (p. 324 )

3. The plaintiff in the trial of such case on an issue joined on the
plea of conditions performed may prove by the clerk of the
court, who rendered such decree, that the injunction-bond sued
on was given and filed in the cause, in which such decree dis-
solving the injunction was entered, when the decree and reci-
tals in the injunction-bond do not conflict. (p. 325.)

4. Such proof is *prima facie* sufficient to establish, that the injunc-
tion recited in the injunction-bond is identical with the injunc-
tion dissolved by such order, and thus to establish a breach of
the condition of the injunction-bond. The defendant may
rebut this *prima facie* proof by the production of the balance
of the record in the chancery cause or a portion thereof suffi-
cient to show, that the injunction thus dissolved was not iden-
tical with the injunction recited in the bond sued upon.
(p. 327.)

5. The *queritur* in such suit ought regularly to demand the aggregate
of all the injunction-bonds named in the declaration, where
there are several counts, and there are apparently several
bonds. If however the *queritur* demands only the amount of
the penalty of the injunction-bond and not their aggregate, it is
not so material as to be a ground of objection on a general
demurrer. (p. 328.)

6. This Court will not reverse a judgment in such a case, though it
be entered up in the old form as a judgment for the penalty of
the bond to be discharged by the payment of the damages
assessed by the jury, instead of the judgment for the amount of
the damages, ascertained by the jury, which chapter 131, sec-
tion 17, of Code of West Virginia, page 628, authorizes to be
entered in such case. (p. 329.)

GREEN, JUDGE, furnishes the following statement of the
case :

This was an action of debt brought January, 1873, in the
circuit court of Monroe county on the following injunction
bond:

"Know all men by these presents, that we, John P. Hill,
William S. Hill and ——, are held and firmly bound unto

the Northwestern Bank of Virginia in the just and full sum of nine hundred and forty dollars, lawful money of Virginia, to be paid to the said Northwestern Bank of Virginia, or his certain attorney, his heirs, executors or assigns, for which payment well and truly to be made we bind ourselves and each of us, our and each of our heirs, executors and administrators, jointly and severally, firmly by these presents. Sealed with our seals and dated this — day of February, 1859.

"The condition of the above obligation is, that, whereas, the above bound John P. Hill and William S. Hill hath prayed and obtained an injunction in chancery to stay the proceedings on a judgment at common law obtained by the said Northwestern Bank of Virginia against them and Thomas Little, Ira Tiller, James Calfee and James D. Hill, for four hundred and eighteen dollars and fifty-six cents, with legal interest thereon from the 24th day of July, 1857, until paid, and three dollars and eight cents, charges of protest, and the costs, which judgment was obtained on the 4th day of March, 1858, in the county court of Mercer county. If, therefore, the said John P. Hill, William S. Hill and others shall well and truly satisfy the said judgment and costs and damages that shall accrue or be awarded against them in case the said injunction be dissolved, then the above obligation to be void, else to remain in full force and virtue.

"JOHN P. HILL,  [L. S.]<br>
"WILLIAM S. HILL,  [L. S.]<br>
"F. FLESHMAN,  [L. S.]<br>
"LAFAYETTE FERGUSON. [L. S.]"

There were three counts in the declaration. The defendant demurred to the declaration and each count thereof, which demurrer the court overruled. The defendant also filed a plea of *nul tiel record* and of *non est factum* and conditions performed. The court on the issue of *nul tiel record* found for the plaintiff, and on the pleas of conditions performed and *non est factum* the jury found for the plaintiff and assessed his damages at nine hundred and twenty dollars and seventy-six cents; and thereupon the court on October 17, 1877, rendered the following judgment:

"This day came again the parties, by their attorneys, and the motion for a new trial herein having been maturely con-

sidered by the court, the same is overruled; therefore it is considered by the court that the plaintiff recover against the said defendant nine hundred and forty dollars, the penalty of the bond in the declaration mentioned, and the costs expended in the prosecution of this suit; but this judgment is to be discharged by the payment of nine hundred and twenty dollars and seventy-six cents, the damages assessed by the jurors aforesaid, and the costs, to be levied of the goods and chattels of the said Fielding Fleshman, deceased, in the hands of Wm. Adair, jr., late sheriff of Monroe county, and as such administrator *de bonis non* with the will annexed of said Fielding Fleshman, unadministered."

Upon the trial of the plea of *nul tiel record* the plaintiff introduced the following orders of the circuit court of Mercer county duly certified:

ORDER 1.

"IN MERCER CIRCUIT COURT,
June 13, 1870.

"JOHN P. HILL et al., pl'ffs,
against                        } In chancery.
"ROBERT B. McNUTT et al., def'ts.

"On motion of the defendants, by counsel, and for reasons appearing to the court, it is ordered that the injunction awarded in this cause on December 31, 1858, be and the same is hereby dissolved."

ORDER 2.

"WEST VIRGINIA:

IN MERCER CIRCUIT COURT,
June 16, 1870.

"JOHN P. HILL, pl'ff,
against                        } In chancery.
"ROBERT B. McNUTT et als., def'ts.

"The injunction awarded in this cause has been dissolved, and the plaintiff showing no sufficient cause why his bill should not be dismissed, it is ordered that said suit be dismissed, and that the defendants recover of the plaintiff his costs by him about his defence in this behalf expended, including an attorney's fee of twenty-five dollars."

He also introduced said injunction-bond and proved the executing of the same and proved by the clerk of the circuit court of Mercer county, that said bond was found in the

original papers in the case described in said two orders. To the reading of said bond in connection with said orders the defendant objected, but the court overruled said objection. This being all the evidence before the court on the plea of *nul tiel record,* the court decided on this plea in favor of the plaintiff, and the defendant filed his bill of exceptions to this judgment of the court. On the trial of the issue of conditions performed the defendant excepted to the decision of the court in permitting said two orders of the court and said injunction-bond together with said evidence of said clerk to be read to the jury against the protest of the defendant, the same being read without any other portion of the record, of which they were parts, the defendant insisting, that the said orders were insufficient in connection with said bond and with the evidence of the said clerk proving, that said bond was filed in the papers of the cause, in which said orders were made, to show any liability upon the defendant. No objections to the declaration have been urged in this Court, and we see no defect in it, unless the fact, that the *queritur* in the declaration claimed six hundred and forty dollars, while each of these counts set out bonds in the penalty each of six hundred and forty dollars, could be regarded as ground of objection to the declaration.

To the judgment rendered by the circuit court the defendant obtaided a writ of error and *supersedeas.*

*Price* and *Preston & Logan* for plaintiff in error.

*Hereford & Campbell* for defendant in error.

GREEN, JUDGE:

The whole subject of controversy in this Court in this case is whether the court erred in finding for the plaintiff on the plea of *nul tiel record* and in permitting the evidence, which it did, to go to the jury. The bond sued on and offered in evidence it will be observed is not skillfully drawn. The condition of this bond is substantially such as the law requires, though it is not worded with entire accuracy (see ch. 133 § 10 of Code of W. Va. p. 632) but the recitals in the conditions of this bond are not as accurate, as they should have been. The recital is, that John P. Hill and William S. Hill have

obtained an injunction in a chancery suit to stay proceedings on a certain judgment described; but it fails to state in what court or in what suit the injunction was granted. This of course was not necessary to be recited in order to render the bond valid; but it is obviously desirable, that this should appear in the recital, in order to save trouble, if the bond should have to be sued upon. If it had been done in this case, and the recital had shown accurately in what cause the injunction was awarded, there could have been no dispute as to the admissibility on the trial before the jury of the order in such suit dissolving the injunction. Because of this failure to recite, in what suit this injunction was granted, the plaintiff in error claims, that the circuit court erred in permitting the order dissolving the injunction to be introduced in evidence before the jury, and insists that there is nothing on the face of the order to show, that it refers in any way to the injunction recited in the bond to have been awarded. This order it appears was entered on June 13, 1870, in the cause of *John P. Hill et al., plaintiffs* v. *Robert B. Nutt et al., defendants*; and it simply dissolves the injunction awarded in said cause on the 31st of December, 1858. But it fails to state, that this injunction was obtained by the Northwestern Bank of Virginia to stay proceedings on a judgment against John P. Hill and William S. Hill and Thomas Little, Ira Tiller, James Calfee and James D. Hill for four hundred and eighteen dollars and fifty-six cents with interest thereon from July 24, 1857, and three dollars and eight cents charges of protest rendered by the county court of Mercer on March 4, 1858, as the recital in the injunction-bond states. It is insisted that the injunction awarded in said chancery cause may well have been to some other judgment in some other suit between other parties. There is nothing in either the bond or this order to identify the injunction referred to in the bond and order as the same injunction. They are identified as the same only by the testimony of the clerk of the court, which awarded the injunction, to the effect that this injunction-bond was filed in said cause or more properly speaking was filed among the papers of said cause. Is this sufficient *prima facie* proof that the injunction named in this order was the injunction recited in the bond?

First we observe, that the statement of the clerk that this bond was filed in said cause in no manner conflicts with the recital in the bond. It is true, that from the recital in the bond the inference would be drawn, that the Northwestern Bank of Virginia was a party to the cause, in which the injunction referred to in the bond was granted; but it does not affirmatively appear that the Northwestern Bank of Virginia was a party to the cause, in which the order dissolving the injunction named in it was made; nor does it appear from this order, that it was not a party. For the title of the order dissolving the injunction shows, that there was another plaintiff besides John P. Hill, and also another defendant besides Robert B. McNutt. And John P. Hill, who was one of the plaintiffs in the chancery cause, is shown by the bond to have been one of the principal obligors in the bond. And this order shows, that Robert B. NcNutt was one of the defendants in this chancery cause. The declaration on its face shows, that this suit was brought by the Northwestern Bank for the use of Robert B. McNutt. If the recitals in the bond and in the order dissolving the injunction had been in conflict, so that it appeared that the injunction dissolved and the injunction referred to in this order could not have been the same, the order could not have been properly received in evidence; but if they be not, as they are not, in conflict, then the obligee in the injunction-bond will be allowed to show that in point of fact the injunction dissolved by the order was the same injunction referred to in the bond. The most satisfactory mode of doing this would be by the production of the entire record in the chancery cause, in which this order was made. There is almost a certainty, that if it were produced, the bill or petition in the cause asking the injunction and the order granting it would show the exact character of the injunction, which was dissolved, and would render it certain, whether it was or was not the injunction referred to in the bond. The plaintiff in error by his counsel insists, that this was the only mode, in which the plaintiff in this suit could identify the injunction dissolved in this order and the injunction referred to in the bond as the same.

Whether a part of a record, as for instance a decree, can

be produced in evidence without the production of the entire record, depends upon the circumstances and purposes, for which the decree or portion of the record is produced. If the decree is not the basis of the suit, but is produced merely to establish some fact necessary to be proven in the case, as for instance the pendency of an appeal or the dissolution of an injunction or the simple fact, that the chancery suit had been ended by a final decree, a complete copy of the record need not be produced. In cases of this description all that it is necessary to produce is so much of the record, as satisfactorily establishes the fact in question, as for instance in the instance above suggested the order granting the appeal, the order dissolving the injunction or the final decree whatever its character. See *White* v. *Clay's Ex'or.*, 7 Leigh 68, 78, 79, 82; *Wyman* v. *Harman's Devisees*, 5 Gratt. 157–166; *Cox et als.* v. *Thomas, Adm'r*, 9 Gratt. 312–320.

In this case the production of the chancery order of June 13, 1870, did not on its face show satisfactorily the dissolution of the injunction recited in the injunction-bond sued upon, and it was therefore necessary to establish by some other evidence, that the injunction dissolved by this order of June 13, 1870, and the injunction recited in the injunction-bond were the same. This, if it were true, could of course have been done by the production of the balance of the record or probably by the production of the bill or petition asking the injunction and the order granting such injunction. This however was not done, but the identity of the injunction named in the order of June 13, 1870, and of that named in the bond was attempted to be established by proving by the clerk, who had the custody of the papers in the chancery cause, that this injunction-bond sued on was filed in the papers of the chancery cause, in which said order was entered; and this, it is claimed by the counsel for the defendant in error, was legitimate testimony and *prima facie* established the fact, that the bond thus filed was the bond given on the awarding of the injunction in that cause, and that therefore the injunction named in this order and the one recited in the bond were identical. It is true, that this bond may by mistake have been filed among the papers of a cause, with which in had no connection; but, if this was so, of

course the defendant below could readily show it by the production of the residue of the record. The counsel of the plaintiff below insists, that in the absence of all evidence to the contrary the fact, that this injunction-bond was filed in this cause, establishes *prima facie*, that it was properly filed in this chancery cause, and that therefore the identity of the injunction dissolved and the injunction recited in the bond sued on is sufficiently established.

Before considering the weight of this evidence we must first determine whether it is legitimate evidence. It is very clear, that the clerk could not have proven, that the injunction, which had been awarded in the chancery cause, was the same injunction recited in the bond sued on, as parol evidence of the character of the injunction granted in the chancery cause would have been clearly inadmissible. But it does not follow, that the clerk could not prove, that the injunction-bond sued on was filed in this chancery cause, and this is all he did prove. If this was admissible evidence, and sufficiently established the identity of the injunction dissolved and the injunction recited in the bond sued upon, the plaintiff's case was made out and there was no necessity for him to produce the balance of the record to show the character of the injunction, which had been awarded and dissolved in the chancery cause; for he had already when he proved the injunction-bond and produced it, fully establised the character of the injunction, and that it had been awarded by the court.

If a bond recite a fact, though the fact recited be a matter, which ought regularly to appear of record, the parties obligors in the bond will be estopped from denying the truth of such recital. Thus if the bond recites, that a certain person was sheriff and a certain other person his deputy, though these facts appear of record, yet they need not be proven in a suit on such bond otherwise than by the production of the bond; for the obligors in it are estopped from denying the truth of the recital. See *Cox et als.* v. *Thomas's Adm'r*, 9 Gratt. 320; 1 Greenl. Ev. §§ 22, 20; *Rainsford* v. *Smith*, Dyer's R. 196 a; *Culler* v. *Dickinson*, 8 Pick. 386.

So parties are estopped from denying that there was such an injunction awarded or judgment or decree rendered, as

their bonds recite. See *Allen* v. *Nickett*, 3 J. J. Marsh. 165; *Kellar* v. *Beckler*, 4 J. J. Marsh. 655; and *Stockton* v. *Turner*, 7 J. J. Marsh. 192.

In this case the bond sued on recites, that "the above bound John P. Hill and William S. Hill hath prayed and obtained an injunction in chancery to stay the proceedings on a judgment at common law obtained by the Northwestern Bank of Virginia against them and Thomas Little, Ira Tiller, James Calfee and James D. Hill for four hundred and eighteen dollars and fifty-six cents, with legal interest thereon from July 24, 1857, until paid and three dollars and eight cents charges of protest and the costs, which judgment was obtained on the 4th day of March, 1858, in the county court of Mercer county." When the plaintiff in this suit below produced and proved this bond, he conclusively established all these facts so recited in this bond; for the obligors in it were estopped from denying any of these recited facts. All that remained to be done by the plaintiff below was to prove, that the condition of this bond had been broken, that is, to prove that this injunction was dissolved. This would be completely done by proving the identity of this injunction with the one dissolved by the chancery order of June 15, 1870; and this identity was attempted to be shown by proving by the clerk, that this injunction-bond was filed in that chancery cause. Could this be proven in this manner? Of course the proper and best mode of showing the connection between this chancery cause and this injunction-bond would have been to have recited this connection on the face of the bond; and if this was not done, as it was not, the next best mode would have been for the clerk, who took this bond and filed it, to endorse on it his approval of the bond and the chancery cause in which it was taken and when it was filed. But in order to give validity to this injunction-bond none of these things were necessary.

This Court decided in *Lyttle* v. *Cozad*, 21 W. Va. 205, that the law did not require the endorsement by the clerk on the bond, that it was given in such a cause. Neither this nor the acknowledgment or approval of such a bond is required to be manifested by any matter of record or by any writing. See also *McClure* v. *Colclough*, 5 Ala. N. S. 66. It being the

duty of the clerk to approve such a bond and take it in every cause, when an injunction is awarded, and file it and preserve it, and as none of these things are required to appear of record or be established by any writing, the existence of any of these facts ought on general principles, whenever it becomes important in any suit, to be proven by the best evidence which in the absence of such record-evidence or any written evidence thereof can be obtained, that is, by the evidence of the clerk, whose official duty it was to witness or know these facts.

The clerk in this instance having testified, that the injunction-bond sued on was filed in the cause, in which this order dissolving the injunction, which had been granted, was entered, it seems to me, that the identity of the injunction named in this order and that named in the bond is *prima facie* established; and it threw upon the defendant below the burden of showing, that these injunctions were not identical. As Judge Tucker says in *White* v. *Clay's Ex'or,* 7 Leigh 82, this *prima facie* evidence might be rebutted by the defendants showing any other matter in this record, which would avoid the effect of this evidence introduced by the plaintiff below.

It is claimed in argument by the counsel for the plaintiffs in error, that there is such a difference between the heading of this order dissolving the injunction and the order of June 16, 1870, dismissing the cause, that the two orders cannot be regarded as being in the same suit though the clerk testified that they were the same. This diversity however can not be regarded as sufficient to justify the court in holding, that this last order was entered in some other cause. See *Jones* v. *Jones,* 6 Leigh 167; *Sayer* v. *Edwards,* 19 W. Va. p. 356.

It is very questionable whether the court below ought to have allowed the defendant to plead *nul tiel record* concluding with a prayer for the judgment of the court, whether there be such record; for as the injunction-bond was the foundation of the action, the fact of its dissolution was perhaps to be regarded as a collateral matter, which is indeed to be established by a record, but, it would seem, it should be tried by a jury upon the production of the proper evidence before

them and not by the court. See *White* v. *Clay's Ex'or*, 7 Leigh 81, 79 and 77. The court below at first refused to permit this plea of *nul tiel record* to be filed but afterwards on reconsideration permitted it to be filed. Perhaps the court erred in this, and, it seems to me, it probably did, but it is unnecessary to decide whether it did or not; for from what we have said it is obvious, that the court below on the trial of the case before the jury did not err in permitting the copy of the order in the chancery cause dissolving the injunction to be offered in evidence, nor in permitting the clerk to prove that the injunction-bond sued on was filed in this chancery cause; and that on the proof of this and of the injunction-bond the jury were justified in rendering the verdict they did for the plaintiff; and, so far as this record shows, the court properly rendered a judgment for the plaintiff on this verdict. This being the case, the defendant cannot complain that the court permitted him to file this plea of *nul tiel record*, or of the action of the court on this plea, or of the admission on the trial of this plea, of evidence which ought not to have been admitted. This was done, I suppose, when the clerk on the trial of this plea was admitted to testify, though he was properly admitted to testify before the jury. But such errors were obviously not prejudicial to the defendant, as the verdict of the jury, so far as this record shows, was properly against him, and the judgment, which is sought to be reversed, is based on the verdict alone.

I have thus far assumed, that the court did not err in overruling the demurrer in this case. No errors in the declaration have been pointed out by the counsel for the plaintiff in error, and I see no defect in it, unless it be a defect, that the *queritur* states the amount of debt claimed as nine hundred and forty dollars, and each count alleges an execution of a bond to the plaintiff of nine hundred and forty dollars, making apparently two thousand eight hundred and twenty dollars as the entire debt due. The most regular form of the demand in such case would have been to claim two thousand eight hundred and twenty dollars. See *Ross* v. *Gill et ux.*, 1 Wash. 89, and *The People* v. *Van Eps*, 4 Wend. 393. But a failure to observe this form does not make the declaration bad on general demurrer. See *Lord* v. *Houston*, 11 East. 62;

*Hampton* v. *Barr*, 3 Dana 578; *Mathews* v. *Mathews*, 2 Curtis C. C. R. 117.

For these reasons the judgment of the circuit court on the verdict of the jury must be affirmed, unless this judgment is fatally defective in form. This judgment was entered up in the old form for nine hundred and forty dollars, the penalty of the bond to be discharged by the payment of nine hundred and twenty dollars and seventy-six cents the damages assessed by the jury. The Code of West Virginia ch. 131, § 17, p. 628 says, that in such suits "judgment shall be entered up for what is so ascertained to be due by the jury." If we were to regard this statute as requiring not simply permitting the judgment to be entered in this new form, it would still be obvious, that the defendant would not be prejudiced by entering it up by the court in the old form; and therefore this Court would not reverse the judgment for such error, if it be an error.

The judgment of the circuit court of Monroe county entered on October 17, 1877, must therefore be affirmed; and the plaintiff in error must recover of the defendant in error his costs in this Court expended and damages according to law to be levied of the goods and chattels of Fielding Fleshman, deceased, unadministered in the hands of Wm. Adair jr. administrator *de bonis non* with the will annexed of Fielding Fleshman.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.