# CHARLESTON.

CITY OF CHARLESTON FOR USE OF ELIJAH PECK, ADM'R. *v.* HOWARD DAWSON *et al.*

Submitted January 14, 1920.   Decided January 20, 1920.

1. OFFICERS—*Rejection of Surplusage in Bond to Validate Remainder.*

Where a bond contains the conditions prescribed by statute, and others imposing a burden in excess of those so required, the latter, if separable from those so authorized, may be rejected as surplusage and the rest of the bond sustained and held valid, in the absence of a statutory provision expressly or by implication making it void. (p. 355).

2. MUNICIPAL CORPORATIONS—*Provision in Policeman's Bond, Imposing Liability Beyond that Required by Statute, Surplusage.*

A bond given by a police officer of a city pursuant to the requirement of section 7, chapter 148, Code 1918, conditioned to require him to "pay all costs and damages accruing to any one by the accidental discharge * * * of any pistol or weapon" which he may carry during his term of office as such officer, is in excess of the requirement of the statute in so far as it subjects him to liability thereon for injuries accidentally inflicted, and such excess must be rejected as surplusage. (p. 355).

3. BONDS—*Municipal Corporations—Insufficient Statutory Bond Valid as Common-Law Obligation.*

An instrument purporting to be a statutory bond, but insufficient for that purpose because of noncompliance with the requirements of the statute, may be valid as a common law obligation, if entered into voluntarily upon a valuable consideration, and not in contravention of public policy or of any statute. (p. 358).

Certified Questions from Circuit Court, Kanawha County.

Action by the City of Charleston, for the use of Elijah Peck, administrator of Edward Peck, deceased, against Howard Dawson and others. Demurrer to declaration sustained, and question certified.

*Affirmed.*

*D. L. Salisbury, Orville Hackney* and *C. J. Van Fleet,* for plaintiff.

*Leo Loeb,* for defendants.

LYNCH, JUDGE:

To determine the propriety of the ruling of the circuit court of Kanawha County adjudging the declaration filed by the city of Charleston, suing for and on behalf of Elijah Peck, administrator of Edward Peck, to be insufficient upon demurrer, such action was certified here pursuant to section 1, ch. 135, Code 1918. Having been appointed by the council of the city of Charleston a policeman of the city, Howard Dawson, with Mose Pushkin his surety, entered into bond for $3,500 binding himself faithfully to perform and discharge the duties of said office, and account for and pay over, as required by law, all money which may come into his hands by virtue of such

office, "and pay all costs and damages accruing to any one by the accidental discharge or improper or negligent or illegal discharge or damage done by the unlawful or careless use of any pistol or weapon which the said Howard Dawson may carry during his term of office as said policeman."

The declaration contains three counts, in each of which the bond is set out in extenso. So far as now important, their allegations differ only in this, that the first count charges that Dawson "wantonly, oppressively, wilfully and negligently" shot decedent; the second that he "unlawfully, improperly, illegally, carelessly and accidentally" shot him; and the third that he "accidentally" shot. Following the language in which the points are certified: "The third count of the declaration does not state facts sufficient in law to constitute a cause of action, for the reason that said count is predicated solely upon the provision of the bond fixing a liability resulting from the 'accidental' discharge of defendant Dawson's pistol, and to that extent the bond provided for a liability for a cause not embraced in the statute authorizing such bonds, and is to that extent void. For the foregoing reason also the demurrer to each of the other counts of the declaration is sustained in so far as any cause of action is predicated on that part of the bond providing for a liability resulting from the 'accidental' discharge of defendant's pistol."

The statute so referred to is that part of section 7, ch. 148, Code 1918, which provides that nothing therein contained shall be so construed as to prohibit "all regularly appointed police officers of their respective cities, towns or villages, from carrying such weapons as they are now authorized by law to carry, who shall have given bond in the penalty of not less than thirty-five hundred dollars, conditioned for the faithful performance of their respective duties, which said officers shall be liable upon their said official bond for the damages done by the unlawful or careless use of any such weapon, whether such bond is so conditioned or not."

Thus there is disclosed an important and significant divergence between the conditions of the bond sued on and the extent of the liability imposed by statute. It is true the section does not, as plaintiff argues, prescribe the conditions of the

bond. It does, however, definitely limit the extent of the liability to that which may result from the unlawful or careless use of the weapon. There are circumstances or emergencies when such an officer lawfully may use a revolver without being amenable for the consequences resulting from such use. Instances of this kind are not infrequent and readily occur to any one familiar with criminal proceedings or actions at law for injuries inflicted by weapons of that character. The statute, properly construed, discloses an intention on the part of the legislature not to hold public officers bound to render compensation for injuries accidentally inflicted within the ordinary meaning and acceptance of the term "accidental", though they may unfortunately cause the death of the injured person. That such was the purpose appears from the difference between the conditions prescribed by the same section for bonds required of persons not serving the public in an official capacity, when authorized to carry weapons in the manner therein prescribed, and those prescribed for bonds of public officers. The penalty imposed by the latter is only for damages occasioned by the unlawful or careless use of the weapon, while the conditions required to be incorporated in the bonds given by the former bind the obligor to "pay all costs and damages accruing to any one by the accidental discharge or improper, negligent or illegal discharge or use of said pistol."

The bill by which section 7 was amended, as it now appears in the Code, originated in the Senate and as passed by that body forbade all persons from carrying the weapons therein designated, except public officers and those not public officers who applied for and received licenses from the circuit court in the manner therein provided. In the form in which the bill left the Senate it required bonds to be given only by the latter. But by an amendment adopted in the House the provision here involved requiring bonds of policemen and other designated public officers likewise became part of the section, though less stringent with respect to the conditions required; thus apparently disclosing a purpose to distinguish between the obligations imposed upon public officers and those imposed upon other persons with respect to liability for injuries inflicted by the use of such weapons.

Therefore, in incorporating as one of the conditions of the bond here involved a provision against accidental injury, there was added a burden in excess of those specified in the statute. It is true there is in section 7 no specific requirement as to the contents of such an instrument, but there is a positive and unequivocal declaration of the liability that attaches as a result of the unlawful or careless use of the weapons there designated. These determine beyond cavil what shall constitute the act or acts for which the obligors must respond when the circumstances have arisen which make it necessary for them to do so, whether the bond does or does not state the conditions. Whether written into it or not, they are part of it for all purposes proper and necessary to warrant recovery. *State* v. *McGuire.* 46 W. Va. 328; *State* v. *Wotring,* 56 W. Va. 394; *Chambers* v. *Cline,* 60 W. Va. 588; 9 C. J. 34. Their absence in no wise affects its validity or justifies a denial of the right of a plaintiff to enforce its penalty for an injury inflicted by the officer in violation of the terms of the statute. *State* v. *Nutter,* 44 W. Va. 385. Similarly where the condition of an official bond contains some valid provisions, and others not valid or warranted by law, the bad ones, if separable from the good, will be ignored. *State* v. *McGuire, supra,* 76 A. S. R. 822 and note; *Chambers* v. *Cline, supra;* Note, L. R. A. 1917B 990. The rule is thus stated in 9 C. J. 26: "Where a bond contains the conditions prescribed by statute, and also contains conditions in excess of those so required, if the excess can be separated from the authorized portion without destroying the latter, it may be rejected as surplusage and the rest of the bond held valid, in the absence of a statutory provision expressly or by implication making it void."

In regarding and treating the part of the bond relating to accidental injury as surplusage, there is no serious departure from the apparent intention of the parties in giving it, for the reasonable presumption is that they purposed to execute only such a bond as the statute required. It was this statute they had in mind at that time and none other of which we have any knowledge. Section 25 of the charter of the city of Charleston does, it is true, authorize the municipal authorities to require bonds of the city officers and appointees. But neither the charter nor any ordinance passed pursuant to such authority pre-

scribes the condition for such bonds, so far as appears or counsel contend. In the absence of such prescription we must assume the parties to the bond executed it intending it to be a bond having all and no more than the conditions required by statute. Such being the legal and reasonable inference, the bond must be considered in connection with the statute and both construed together and such effect given to the bond as will effectuate the purpose of the statute. *State* v. *Wotring,* 56 W. Va. 394; *Chambers* v. *Cline,* 60 W. Va. 588.

Nor can the full conditions of the bond be enforced by regarding it as a common law obligation. A statutory bond may be good as a common law obligation when insufficient under the statute because of noncompliance with its requirements, but in order to be so treated it must have been entered into voluntarily and upon a valuable consideration, and must not violate public policy or contravene any statute. *Chambers* v. *Cline,* 60 W. Va. 588, 598; 9 C. J. 27 and cases cited. This bond is not based upon any consideration deemed valuable in law, and hence cannot be regarded as a valid common law obligation. Its only effect is as a statutory bond, and it is valid only to the extent that it conforms with statutory requirements.

The order of the circuit court sustaining the demurrer to the third count of the declaration was clearly right, for that count rested entirely upon the accidental character of the shooting. The court held the first and second counts good "except such parts thereof as allege that the shooting of plaintiff's decedent was accidental." This action we interpret as disclosing a purpose to treat as surplusage the averment that the shooting of plaintiff's decedent was accidental, and such is the effect of the order. There is no authority in this state warranting the correction of such counts otherwise than by excluding the objectionable phrase; special demurrers being abolished by statute, unless it be to pleas in abatement. Section 29, ch. 125. Code; *Union Stopper Co.* v. *Wood,* 66 W. Va. 461; *Turk* v. *Railway Co,.* 75 W. Va. 623.

For these reasons we affirm the ruling of the lower court.

*Affirmed.*