# CHARLESTON.

STATE *for use, etc.,* FINLEY BROS. CO. *v.* GEORGE W. FRESHWATER *et al.*

(No. C. C. 419)

Submitted April 9, 1929.    Decided April 16, 1929.

*Ingram & Levy,* for plaintiff.
*Nesbitt, Goodwin & Nesbitt,* for defendants.

HATCHER, JUDGE:

This is a review of a ruling of the circuit court on a notice of motion for judgment. Heretofore, G. W. Freshwater and L. B. Weaver secured a temporary injunction against the Board of Education of the independent school district of Chester in Hancock county and against the sheriff of the county, restraining them from making certain payments to the Finley Bros. Company. The company was made a defendant to the injunction bill. The court required a bond in the penalty of one thousand dollars which was given by Freshwater and George C. Holliday. The condition of the bond is as follows. ''Now, therefore, if the said George W. Freshwater et als., plaintiffs, shall well, truly and faithfully pay off all such costs as may be awarded against the plaintiffs, and also such damages as may be incurred or sustained by the defendants, in case this injunction be dissolved, then this obligation to be void; else to remain in full force.'' The in-

junction was subsequently dissolved. The company seeks to recover on the bond in this proceeding, $950.00 which it paid its attorneys in procuring the dissolution of the injunction. The circuit court sustained a motion to quash the notice and certified to this Court for its decision, the challenge of the sufficiency of the notice.

Section 10 of chapter 133, Code, requires that a bond be given before an injunction shall become effective, conditioned "to pay * * * such damages as shall be incurred or sustained by the person enjoined in case the injunction be dissolved." A bond required by a statute will be construed with reference to the statute and will not be given a broader significance than the statute implies. *State* v. *Wotring*, 56 W. Va. 394; *Holliday's Ex'rs.* v. *Myers*, 11 W. Va. 276; 9 C. J., p. 34, section 56. Relying on this rule of construction, the defendants herein take the position that while the Finley Bros. Company was a defendant in the injunction suit, and while the condition of the bond is to pay the damages incurred "by the defendants" nevertheless the company was not enjoined; that the obligation of the bond to compensate the defendants must be limited by reason of the statute to such defendants as were enjoined; and that when so limited the company has no right of action against them on the bond. The company contends that it was the real party in interest in the injunction suit; that it was the only defendant which suffered any damage by reason of the injunction; that while not specifically enjoined, the effect of the restraining order was to prevent it from enforcing its demands against the Board, and that in reality *it was enjoined.*

The spirit as well as the letter of an injunction must be observed by all the parties to an injunction proceeding. *Economist Co.* v. *Range Co.*, 86 Fed. 1010; Joyce on Inj., sec. 251; Spelling, Inj. (2nd ed.), sec. 1099; High on Inj. (4th ed.), sec. 1446; 32 C. J., p. 492, sec. 857. The purpose of the injunction here was to prevent not only voluntary but involuntary payments to the company by the Board of Education. Hence, the spirit of the injunction prevented the company taking any steps to collect its claims against the Board while the injunction was in force. Had the company attempted to

do so, it would not in terms have violated the writ, but it would have disregarded the spirit of the mandate, and would have been punishable therefor. "Persons who were parties to the bill, but not named in the injunction order because they were not shown to have participated in the acts sought to be enjoined, are nevertheless bound with notice of the order granting the injunction and punishable for a disobedience of its provisions." 32 C. J., p. 490, sec. 846. See, also 16 Am. & Eng. Ency. Law, p. 437; High, *supra*, sec. 1433; Joyce, *supra*, sec. 256b. While the injunction directly curbed only the Board and the sheriff, it indirectly bridled the company just as effectively. Therefore, the company must be classed as a "person enjoined" under the statute. *Boyd* v. *Lambert,* 58 Okla. 497. Having been enjoined it is entitled upon the dissolution of the injunction to recover reasonable counsel fees. *State* v. *Graham,* 68 W. Va. 1; 32 C. J., p. 471, sec. 818; 14 R. C. L., p. 486, sec. 189; Spelling, *supra,* sec. 943; High, *supra,* sec. 1685.

The notice herein is accordingly held sufficient at law, and the ruling of the circuit court thereon is reversed.

*Reversed.*