State *ex rel.* County Court of Pleasants County

*v.*

Oliver Anderson and Albert Poling

(No. 10709)

Submitted April 19, 1955. Decided May 17, 1955.

*S. A. Powell, J. C. Powell, Martin C. Bowles,* for plaintiff in error.

*John G. Fox,* Attorney General, *Harold A. Bangert, Jr.,* Assistant Attorney General, for defendant in error.

GIVEN, JUDGE:

On a plea of guilty to a complaint in a bastardy proceeding, pending in the Circuit Court of Pleasants County, charging Oliver Anderson with being the father of an illegitimate child, the circuit court of that county, on April 30, 1953, entered an order adjudging Anderson to be the father of the child, and further adjudging that Anderson "do pay to the County Court of Pleasants County for the maintenance, education, and support of the said child, the sum of twenty-five dollars ($25.00) on the 1st day of May, 1953, and a like sum on the 1st day of each month until the said child shall attain the age of 17 years, and that the defendant do pay the cost of this proceeding.

"It is further ordered that the said defendant do give a bond with good surety, conditioned for faithful compliance with this order. In default of bond, the defendant was remanded to jail." On June 23, 1953, a bond was executed under seal by Anderson, as principal, and Albert Poling, as surety, before the clerk of the court, the penalty therein being fixed at $500.00, the condition of the bond being: "The condition of the above obligation is such that whereas the above bound Oliver Anderson, is now charged in the Circuit Court of Pleasants County, West Virginia, by Georgia Mae Thrasher, of being the father of a bastard child and caused the said Oliver Anderson to be apprehended upon said charge, which proceedings are now in the Circuit Court of Pleasants County, West Virginia, and upon verdict of guilty, the said Oliver Anderson, upon order of the Court shall pay to the County Court of Pleasants County, the sum of twenty-five dollars per month until said child has attained the age of 17 years, unless it should sooner die."

After the execution and delivery of the bond, Anderson was released from custody. Thereafter, Anderson having made default in the monthly payments, as required by the order, the instant Notice of Motion for Judgment proceeding was instituted for recovery of accrued payments then owing. The defendant Poling filed his special plea to

the notice of motion, alleging, in effect, that the order mentioned above did not fix the penalty of the bond, did not provide for the release of Anderson from custody upon the execution of the bond, and that after the release of Anderson from custody upon the execution of the bond "defendant surrendered the said Oliver Anderson to the Sheriff of said County of Pleasants, and thereafter, so this defendant is informed, the said Oliver Anderson was released from custody without the knowledge, consent or approval of this defendant". The circuit court sustained a demurrer to the plea and, upon a directed verdict, entered judgment for plaintiff in the amount of $225.00, the sum sued for. This Court granted a writ of error to the defendant Poling, the surety on the bond.

The contention is made that the bond is not valid, either as a statutory bond or as a common law bond. The pertinent statute, Code, 48-7-4, in so far as material, provides that "* * * if such father be then in court, the court shall order him to give bond in such penalty and with such sureties as the court may deem sufficient for the performance of such order; and shall order him to jail until such bond be given in the court or filed in the office of the clerk thereof, with sufficient sureties to be approved by the court or clerk, or until the woman and the county court consent to his discharge, or until he be discharged by an order of the circuit court, the court being satisfied that the prisoner cannot pay the judgment of the court or give the bond required, or until he be otherwise legally discharged * * *". It is certain that the parties, in executing the bond, intended to comply with this statute. The purpose of the bond, in so far as the principal and surety were concerned, was to obtain release of the principal from custody, which purpose was effected.

In *State* v. *Wotring*, 56 W. Va. 394, 49 S. E. 365, this Court held: "2. A bond given under a statute must be construed, as to the scope of its obligation, to cover the objects of the statute in requiring it, if its words will at all allow such construction, and the statute is to be regarded a part of it." See *Proudfoot* v. *Greathouse*, 130 W. Va. 587, 45 S. E.

2d 489; *Tug River Lumber Co.* v. *Smithey,* 107 W. Va. 482, 148 S. E. 850; *State* v. *Freshwater,* 107 W. Va. 210, 148 S. E. 6; *Hicks* v. *Randich,* 106 W. Va. 109, 144 S. E. 887. In *Chambers* v. *Cline,* 60 W. Va. 588, 55 S. E. 999, this Court held: "2. In the absence of anything showing a different intention in the giving of a statutory bond, it will be presumed that the intention of the parties was to execute such a bond as the law required. 3. So, where a bond is given under the authority of a statute, that which is not expressed but should have been incorporated, is included in the bond, while that which is not required by the statute is excluded, if it is sufficiently clear from the bond itself that the intention of the parties was to comply with the law in its execution." It is clear, from these authorities, that the pertinent statute must be read into or as part of the bond here involved. In some circumstances, where a bond intended as a statutory bond is invalid as such, it may be treated as a valid common law bond. See *Proudfoot* v. *Greathouse, supra; City of Charleston* v. *Dawson,* 85 W. Va. 353, 101 S. E. 728; *Adler & Roedelheim* v. *Green,* 18 W. Va. 201. In some cases, though a bond may be invalid either as a statutory or common law bond, where it violates no positive rule of law or public policy, the parties executing the same may be estopped to deny liability. See *Town of Point Pleasant* v. *Greenlee & Harden,* 63 W. Va. 207, 60 S. E. 601; *Northwestern Bank of Virginia* v. *Fleshman's Adm'r.,* 22 W. Va. 317; *Harman* v. *Howe* (1876) 27 Gratt. 676. Substantial compliance with a statute requiring the giving of a bond is, usually, at least, all that is required. 11 C. J. S., Bonds, Section 25.

The contention of the surety that the bond involved in the instant case is not sufficient as a statutory bond is principally, at least, based upon the argument that the penalty of five hundred dollars named in the bond was not authorized by the order of the court or does not sufficiently "(1) identify by naming or otherwise the mother of the bastard child of whom the said Georgia Mae Thrasher charged the said Oliver Anderson of being the father; (2) sufficiently identify the proceedings referred

to therein; (3) state the name and sex of the alleged bastard child; or (4) provide for what purpose the said Oliver Anderson was required to pay to the said County Court the sum of Twenty Five Dollars per month."

It is true that the sum of five hundred dollars is not expressly named in the order as the penalty to be fixed in the bond required to be given. The bond itself, however, recites that the order required Anderson to "pay to the County Court of Pleasants County, the sum of twenty-five dollars per month until said child has attained the age of 17 years, unless it should sooner die." The liability of Anderson under the order, made the express condition of the bond, is clearly shown. The order did require that the bond be "conditioned for faithful compliance with this order", thus making the potential liability of Anderson much greater than five hundred dollars, which potential liability, at least to the extent of five hundred dollars, became that of the surety upon the execution and delivery of the bond. See *Waters* v. *Riley*, 87 W. Va. 250, 104 S. E. 559. It should not be overlooked that the statute itself requires that the sureties on such a bond be such as are deemed "sufficient for the performance of such order". It may be noted here that we are not now faced with any question concerning the liability of the surety as to any amount over and above the five hundred dollar penalty specified in the bond.

Reference to the bond, the pertinent part of which is quoted above, discloses that sufficient reference to the proceeding wherein the order was entered, and to the purposes for which the monthly payments were required, was made in the bond. The other circumstances pointed out above, and contended to be necessary to the validity of the bond, are not required by the statute, and are not necessary to the validity of the bond.

From the facts considered, and the authorities cited above, we reach the conclusion that the statute was sufficiently complied with and that the bond sued on is a valid statutory bond, at least to the extent of the penalty of five

hundred dollars. This conclusion renders unnecessary the consideration of any question relating to a common law bond, or any question as to the estoppel of the surety to question the sufficiency of the bond involved.

As to the contention of the surety relating to the re-arrest and delivery of the principal to the custody of the sheriff of Pleasants County, we think it sufficient to point out that the express condition of the bond, the thing actually agreed to by the surety by the execution and delivery of the bond, was to insure the payment of the monthly sum required to be paid by the order of the court. The bond was conditioned according to the statute, and was to secure "performance" of the order of the court, not to assure the presence or custody of the principal at any certain time or place. Code, 48-7-6, deals with recovery on such a bond, and says that "As often as the condition of any bond or bonds * * * is broken * * * judgment may be given in the name of the county court, against such father and his sureties", thus evincing a clear intention that the surety, as well as the father, is to be held liable for the monthly payments. Moreover, Section 5 of the same article vests in the court having continuing jurisdiction over certain phases of a bastardy proceeding the power to require a "new or additional bond". Having provided such continuing jurisdiction or control over the bond, the Legislature can not be presumed to have intended that such control, or liability of the surety, was to continue at the pleasure and discretion of the surety and would be terminated by re-arrest and delivery of the custody of the principal to the sheriff. See *Barbour County Court* v. *O'Neal*, 42 W. Va. 295, 26 S. E. 182.

Other questions argued in the briefs are deemed answered by what has been said, or are not material to the decision of this case.

The judgment of the Circuit Court of Pleasants County is affirmed.

*Affirmed.*