**SHELTON DENTAL ASSOCIATES,**
**Plaintiff–Appellant,**

v.

**Mrs. Jean LaFEVRE and Violet Thomas, Defendants–Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Jan. 25, 1989.

Permission to Appeal Denied by Supreme Court March 27, 1989.

Robert L. Huskey, Manchester, for plaintiff-appellant.

Walter F. Nichols, Manchester, for defendants-appellees.

## OPINION

TODD, Presiding Judge.

This appeal involves the liability of a surety upon a bond given for appeal to Circuit Court from a judgment of the General Sessions Court. The Trial Court relieved the surety of all obligation on the bond, and the plaintiff has appealed.

On April 6, 1985, the General Sessions Court rendered a judgment in favor of the plaintiff-appellant and against the defendant, Jean Lefever (sic) for $7,956.49 plus $34.00 cost, a total of $7,990.49.

On June 4, 1985, an appeal bond was filed in General Sessions Court in the total sum of $8,490.49 ($7,990.49 + $500.00). This bond is not involved in this appeal because, on June 11, 1985, there was filed a substitute appeal bond in the same amount signed by Violet Thomas, Surety. This is the bond involved in the present appeal.

On January 10, 1986, a judgment was entered by the circuit court in favor of the plaintiff and against the defendant, Jean LaFevers (sic) for $7,956.39 and cost. The judgment did not mention the surety, Violet Thomas.

On April 11, 1986, the defendant filed a motion under rule 60 T.R.C.P. seeking to reform the appeal bond by reducing its amount to $500.00.

On February 4, 1987, an order was entered adding Violet Thomas as a moving party in the Rule 60 motion.

On February 13, 1987, the moving parties filed a supplemental motion seeking a ruling the appeal bond to be of no force and effect because it's condition had been performed by the prosecution of the appeal named therein.

On May 27, 1987, the Trial Court entered judgment that:

> The motion of Jean Lafevre and Violet Thomas that this Court hold that the condition of the bond executed by Jean Lafevre and Violet Thomas in this cause to insure that the defendant prosecute her appeal de novo from the General Sessions Court to the Circuit Court has been fulfilled by the defendants' prosecution of the appeal bond is granted. See *Maddock, Kenny and Associates, Inc., vs. Management Assistance and Service, Inc.*, Tennessee Court of Appeals opinion filed August 14, 1986 [1986 WL 8811], wherein the above may be dicta in said opinion, but nevertheless still stands to reason.

Plaintiff argued that the appeal bond requires that the appeal "should be pursued successfully." It can be said with some conviction that the defendants did "successfully" pursue their appeal to the Circuit Court—they lost their case on appeal, but they successfully pursued an appeal, witness the fact that the case was in fact heard in the Circuit Court. Nevertheless the statute involved in this question, T.C.A. 27–5–103, makes no mention of a "successful" appeal. It merely says as follows:

> Before the appeal is granted, the person appealing shall give bond with good security, as hereinafter provided, *for the prosecution of the appeal*, or take the oath for poor persons. [Emphasis supplied]

Therefore, the word "successfully" contained in the appeal bond filed in this case, if it doesn't mean what the Court set forth above, is surplusage over and

above that required by law and is therefore to be disregarded.

An appeal from this judgment was dismissed as premature because no final judgment had been entered by the Trial Court.

On May 2, 1988, plaintiff moved the Trial court to enter final judgment.

On June 18, 1988, the Trial Court entered a "Final Order" concluding as follows:

In summary, the Court intended by its original Order of January 10, 1986, that the judgment be good and binding against both the Defendant and Motion of the surety addressing the validity of the bond, the Court by its Order of May 27, 1987, intended to relieve the surety of further obligation, and this Order is intended to clarify the Court's intent and finalize all aspects of this matter in this Court and in this regard this Order is intended to be a Final Order in the subject case resolving all pending issues and intended to constitute a Final Order or final judgment as contemplated by Rule 3 of the Rules of Appellate Procedure.

The foregoing is construed to be a dismissal of the suit as to the surety, Violet Thomas and judgment in her favor.

The plaintiff has appealed from the judgment of June 18, 1988, and has presented two issues of which the first is as follows:

1. Did the Honorable Circuit Judge commit reversible error by holding that the appeal bond signed by the Defendants as principal and surety, respectively, became void and of no effect once the case was heard in Circuit Court, thus holding that the Plaintiff could not collect the judgment against the surety on the appeal bond?

2. Was the relief granted by the Trial Court appropriate under Rule 60 under the facts of this case?

The bond in question reads as follows:

STATE OF TENNESSEE,
COFFEE COUNTY

We, Jean Lafevre, Principal, and Violet Thomas, Sureties acknowledge ourselves indebted to Shelton Dental Associates in the sum of $8,490.49 ($7,990.49 + $500)

Dollars, to be void on condition that the said Jean Lafevre shall successfully prosecute *an appeal a judgment against her* (sic) to the term of the circuit Court for the 14th Judicial District of TN, at Manchester by her prayed from a judgment rendered against her in favor of the said Shelton Dental Associates in the General Sessions Court of Coffee County, on the 4th day of June, 1985, for $7,956.49 to do so, pay and satisfy said debt and damages and costs, and perform and satisfy the judgment of the said Court in the premises.

Jean Lafevre,
Principal
Violet Thomas,
Surety
/s/ Jean La Fevre
/s/ Violet Thomas
/s/ Andrew A. La Fevre

No issue has been made as to the liability of Andrew A. LaFevre.

At the times pertinent to this appeal, TCA § 27–5–103 provided in respect to appeals from judgments of general sessions courts as follows:

27–5–103. Appeal bond.—Before the appeal is granted, the person appealing shall give bond with good security, as hereinafter provided, *for the prosecution of the appeal,* or take the oath for poor persons. [Code 1858, § 3141 (deriv. Acts 1794, ch. 1, § 54); Shan., § 4872; code 1932, § 9020; T.C.A. (orig.ed.), § 27–503.] (Emphasis supplied.)

It is seen that the statute requires a bond "for prosecution of the appeal", and does not appear to require that the appeal be prosecuted successfully or with effect, or that the surety be obligated to pay the judgment rendered on appeal.

It is argued that the words, "as hereinafter provided" extended the required obligation of the surety to pay the judgment and costs on appeal because of T.C.A. § 27–5–106 which provided in pertinent part as follows:

27–5–106. Judgment on default of appellant.—.... (b) If the plaintiff is the

appellant, and fails to appear within the term, his suit shall be dismissed, and judgment given against him and his sureties for costs. [Code 1858, § 3144 (deriv. Acts 1811, ch. 119, § 2); Shan., § 4875; Code 1932, § 9024; impl. am. Acts 1979, ch. 68, § 3, T.C.A. (orig.ed.), § 27–507; modified.]

If § 27–5–106 extends the requirements of § 27–5–103, it does so only to the extent of a judgment rendered by default for failure to prosecute the appeal which situation is not involved in the present case.

No other statutory explanation or definition of the words "as hereinafter provided", is found. It must be concluded that the words provide no enlargement of § 27–5–103 applicable to this case.

It thus appears that the terms of the above quoted bond exceed the requirements of the statute in that said terms require a successful prosecution of the appeal and obligate the surety to pay the judgment rendered against the appellant on appeal.

If a statutory bond contains conditions which are not prescribed by the statute, such conditions may be eliminated as surplusage. *Aetna Casualty & Surety Co. v. Woods*, Tenn.1978, 565 S.W.2d 861, and authorities cited therein.

After eliminating the provisions of the bond in excess of the requirements of the statute, the bond remains only a bond "for prosecution of the appeal".

In *Albertson v. McGee and Bearson*, 15 Tenn. (7 Yerger) 106 (1834) the Supreme Court said:

Judgment was rendered for $44.50, before a magistrate, against McGee, who appealed to the circuit court, where the judgment was affirmed against the principal and security, Bearson, and an appeal in error is prosecuted to this court.

The condition of the appeal bond on which judgment is given against Bearson is "to be void on condition that the said William H. McGee doth prosecute an appeal, by him prayed and obtained, to the next circuit court to be held in Jamestown, from a judgment this day obtained by said Early Albertson against said William H. McGee, before me, one of the acting justices of the peace in and for said county, for the sum of forty-four dollars and seventy-five cents, debt, and fifty cents cost. Witness, etc. Signed by William H. McGee, James H. Bearson, without seals to their names".

This contract, was it sealed, bind the security, Bearson, to no duty but that McGee shall prosecute his appeal, [107] which he did, but to no effect, nor did Bearson undertake he should prosecute it with effect.

The judgment must be reversed, and rendered against McGee only.

15 Tenn. at p. 106–107

Under the foregoing reasoning, the surety is not liable to the plaintiffs in any amount.

The second issue is irrelevant because the Trial Court had not previously rendered a final judgment and therefore retained power to alter, amend or complete final judgment. (TRAP Rule 3(a))

The judgment of the Trial Court is affirmed. Costs of appeal are taxed against appellant. The cause is remanded to the Trial Court for such further proceedings as may be necessary and proper.

Affirmed and remanded.

LEWIS and KOCH, JJ., concur.