MALCOLM MILLS, JR. and )
MALCOLM MILLS, III, )
)
    Plaintiffs/Appellees, )    Appeal No.
)    01-A-01-9803-CV-00162
v. )
)    Davidson Circuit
KEN HANCOCK, individually and )    No. 95C-1080
d/b/a HANCOCK HOMES & )
HANCOCK ENTERPRISES, )
)
    Defendants/Appellants, )
)
IN RE: National Bond and Surety )
      Corporation, )
)
    Surety/Appellant. )

**FILED**

November 25, 1998

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE DAVIDSON COUNTY CIRCUIT COURT

AT NASHVILLE, TENNESSEE

THE HONORABLE HAMILTON V. GAYDEN, JR., JUDGE

ELLEN TAYLOR TURLEY
2620 Old Lebanon Pike
Nashville, Tennessee 37214
    ATTORNEY FOR PLAINTIFFS/APPELLEES

JOEL H. MOSELEY
Moseley & Moseley
Suite 300, One Church Street
101 Church Street
Nashville, Tennessee 37201-1609
    ATTORNEY FOR SURETY/APPELLANT

AFFIRMED AND REMANDED

WILLIAM B. CAIN, JUDGE

# O P I N I O N

This appeal involves the liability of a surety upon a bond given for appeal to the Tennessee Court of Appeals from a judgment in the Circuit Court of Davidson County. We must determine whether this appeal bond covers the fees awarded to the appellees' attorney on the basis of this court's determination that the appeal was wrongfully prosecuted against the appellees. The trial court held that the appeal bond did include the attorney fees and we affirm the court's decision on appeal.

## I. FACTS

The appellees in this action, Malcolm Mills, Jr. and Malcolm Mills, III (hereinafter "Appellees"), were the successful plaintiffs in a consumer fraud case which was tried in both the General Sessions and the Circuit Court of Davidson County. Both courts found that the defendants, Ken Hancock, individually and doing business as Hancock Homes & Hancock Enterprises (hereinafter "Defendants"), were guilty of fraud and had violated the terms of the Tennessee Consumer Protection Act in a deal involving the sale of a used mobile home. Both courts awarded treble damages to Appellees and the Circuit Court ruled that Defendants were guilty of conversion.

The appellant in this action is the surety on the appeal bond which was filed by Defendants when they appealed the adverse judgment in the trial court. The bond, which was in the amount of $1000, was filed with the Circuit Court on a form provided by the court clerk and was signed by Defendants as principal and by National Bond and Surety Corporation as surety (hereinafter "Appellant"). The bond provides in relevant part as follows:

> That we, Ken Hancock, individually, and d/b/a Hancock Homes and Hancock Enterprises, Principal, and National Bond and Surety Corp., Surety, are held and firmly bound unto Malcolm Mills, Jr. and Malcolm Mills, III or their certain attorneys, executors, administrators, or assigns in the penal sum of ONE THOUSAND DOLLARS ($1,000), for the true payment whereof we bind ourselves, our heirs, executors and administrators firmly by these presents.

The bond further designated that Defendants and Appellant "shall . . . in case they fail [to prosecute their appeal with effect], pay and satisfy the damages and costs which may be awarded against them for wrongfully prosecuting said appeal, and satisfy the judgment of said Court of Appeals thereon."

The Court of Appeals dismissed the appeal finding that it was frivolous and ordering that judgment be rendered against Defendants as principal and against National Bond and Surety as surety for costs of this appeal. The court's order directed that the case be remanded to the trial court for the entry of an appropriate judgment as to Appellees' damages resulting from the frivolous appeal. On remand, the trial court entered a final judgment which awarded Appellees' attorney, Ellen Taylor Turley, a judgment of $920 against Defendants only. In addition, the court awarded Appellees a judgment of $446 for the post judgment interest which had accrued during the pendency of the appeal.

In January of 1998, Appellant paid the $978 balance of the bond into court. Appellant had previously paid $22 in court cost. The next month, Ms. Turley made a motion that the court release to her the funds deposited with the court by Appellant since Defendants had not yet paid to her the fees the court had awarded her.

The trial court ruled that the terms of the Circuit Court appeals bond should be enforced such that the $978 held by the Circuit Court Clerk should be paid to Ms. Turley as payment towards the trial court's award of attorney fees to Ms. Turley for the Defendants' frivolous appeal.

## II. ISSUE

Appellant insists that the court erred in holding that this bond, an appellate court cost bond, can be used to satisfy a judgment for attorney fees. Appellant relies on a line of cases which address the interpretation of statutory bonds, particularly *Aetna Casualty & Surety Co. v. Woods*, 565 S.W.2d 861 (Tenn. 1978). *Aetna* involved a surety's liability on a bond entered into pursuant to

Tenn. Code Ann. 57-158(3)[1], the statute which, at that time, required every Tennessean with a liquor licences to post a bond with the Commissioner of Revenue. The principal operated a hotel corporation which included a lounge where liquor was sold by the drink. After the commissioner collected from the surety the principal's delinquent tax liabilities not only from the sale of liquor but also from the sales, franchise and excise taxes from the hotel operations, the surety brought this action to recover all taxes other than those incurred from the sale of liquor by the drink. In holding that the surety was only liable for the latter taxes, the court made the following statements about statutory bonds:

> We may assume . . . that the purpose of the parties in executing this bond was to comply with the requirements of that statute, nothing more and nothing less.
> Although a bond is nonetheless a contract because it is required by a statute, statutory bonds are construed in the light of the statute creating the obligation secured and the purposes for which the bond is required, as disclosed in the statute. The statute which provides for the giving of a bond becomes a part of the bond and imports into the bond any conditions prescribed by the statute which are not in fact included in the bond as written. Although the obligor and his surety may assume a greater obligation than that required by the statute, it is presumed that the intention of the parties was to execute such a bond as the law required. . . .
> The obligations under a bond required by statute are to be measured by the particular statute requiring the bond, together with other applicable statutes. . . . And, if a statutory bond contains conditions that are not prescribed by the statute, such conditions may be eliminated as surplusage.

*Id.* at 864.

After determining that the authorizing statute required the surety to indemnify the principal against only those taxes incurred as a result of selling liquor by the drink, the court stated that it could "assume that the Commissioner in drafting the bond intended to exact from the obligor and surety the obligation required by the statute and no more, since that was the extent of the Commissioner's duty in this respect under the statute." *Id.* at 866. The bond itself stated that it covered taxes which included "but [were] not limited to" those in Section 57-157. *Id.* In light of the context of these words and the overall purpose of the statute, the court rejected the Commissioner's argument that this

---

[1]This statute is now codified at Tenn. Code Ann. § 57-4-302(3)(A) (Supp. 1998).

language indicated an intent to include taxes other than those imposed by Section 57-157. *Id.*

Appeal bonds are mandated by Rule 6, Tenn. R. App. P., which is entitled "Security for Costs on Appeal." This rule requires that, with a few exceptions, an appellant must file in the trial court a bond for the costs on appeal. The rule is clear that its purpose is "to secure the payment of costs if the appeal is finally dismissed." Tenn. R. App. P. 6. At the time these bonds were filed, Rule 6 required the cost bond to be in the amount of $1000.

Appellant argues that the obvious intent of the parties was to post only a bond for appellate court costs. Had Defendants and Appellant intended the bond to cover more, it would have been higher than $1000 and would have involved a stay pursuant to Tennessee Rule of Civil Procedure 62. Rule 62.05 requires that a bond staying the judgment be in the amount "of the judgment in full, interest, damages for delay, and costs on appeal." It is Appellant's contention, that when the obligations of this bond are measured by Rule 6 of the Rules of Appellate Procedure and Rule 62 or the Rules of Civil Procedure, the only proper conclusion is that this was a bond for appellate court cost, nothing more and nothing less. Thus, the portion of the appeal bond referencing attorney fees should be disregarded as surplus language.

After carefully considering Appellant's argument, we respectfully disagree finding that we can not ignore the plain and clear language of this appeal bond. The attorney fees at issue here were damages awarded for the wrongful prosecution of this appeal. The bond, on its face, obligates the surety to satisfy the damages awarded against Defendant "for wrongfully prosecuting [this] appeal." In addition, the bond begins by stating that the Principal and the Surety "are held and firmly bound unto [Appellees] *or their certain attorneys* . . . in the penal sum of . . . $1,000.00." (emphasis added). As a well-known principle of contract interpretation, our courts have stated that "[t]he court will look to the material contained within the four corners of the instrument to ascertain its meaning as an expression of the parties' intent." ***Gredig v. Tennessee Farmers Mut. Ins. Co.***, 891 S.W.2d 909, 912 (Tenn. Ct. App. 1994) (citing ***Bob Pearsall***

*Motors, Inc. v. Regal Chrysler-Plymouth, Inc.*, 521 S.W.2d 578, 580 (Tenn.1975)).

We do not find that the reasoning pronounced in *Aetna* is applicable in the instant case where the bond language indisputably obligates the surety to pay the damages and costs for wrongfully prosecuting the appeal. In *Aetna*, the language in the bond was unclear as to which taxes were covered, and the court resolved the uncertainty in the bond by looking to the statute. *See also Shelton Dental Assoc. v. LaFevre*, 767 S.W.2d 665 (Tenn. Ct. App. 1989) (where language in bond created ambiguity, court looked to statute which required the bond to determine the parties' intent and then disregarded ambiguous surplus language). However, where, as in the instant case, the meaning of the bond's plain language is uncontrovertible, there is no need to look outside of the four corners of the bond to ascertain the parties' intent.

We therefore find that the trial court did not err in holding that the terms of the appeal bond should be enforced. The bond, as we have interpreted it, does not conflict with Rule 6 of the Tennessee Rules of Appellate Procedure. It merely provides that, in addition to covering the costs as required by Rule 6, Defendants and Appellant are responsible for satisfying any damages awarded for the wrongful prosecution of the appeal. Our courts have acknowledged that "the obligor and his surety may assume a greater obligation than that required by the statute." *Aetna*, 565 S.W.2d at 864 (citing *Varner Constr. Co. v. Mid-South Specialties, Inc.*, 547 S.W.2d 569, 571 (Tenn. 1977)). In this case, Appellant did assume additional liability by signing this particular bond. It can not now escape its contractual obligation as outlined in the four corners of the bond.

### III. CONCLUSION

We hold that Appellant as surety is liable under the appeal bond for the attorney fees awarded to Appellees' attorney as a result of the frivolous appeal brought by Defendants. We direct that the Circuit Court clerk, who holds the $978 balance of the bond on deposit, pay this sum to Appellees' attorney to the extent that the judgment has not yet been satisfied. Therefore, the judgment of

the trial court is affirmed and the cause is remanded for any further necessary proceedings in conformity with this opinion. The costs on appeal are taxed to Appellants.

_____
WILLIAM B. CAIN, JUDGE

CONCUR:

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.

_____
HENRY F. TODD, JUDGE