IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 14, 2002

## DAN EVANS v. PHILLIP MATLOCK, ET AL.

**Interlocutory Appeal from the Circuit Court for Maury County**
**No. 9166     Robert L. Jones, Judge**

_____

**No. M2001-02631-COA-R9-CV - Filed December 23, 2002**

_____

An antique Dr. Pepper Dispenser was offered for sale on e-Bay's auction site on the internet. After the plaintiff's bid was allegedly accepted, the seller sold the dispenser to another party. This litigation ensued between the users of the e-Bay service, alleging breach of contract, fraud, conspiracy, inducement of breach of contract, and other counts. The seller moved for summary judgment on the ground that the User Agreement provided that disputes must be arbitrated. The trial court held that the arbitration clause was inapplicable to disputes between users. We affirm.

**Tenn. R. App. P. 9 Interlocutory Appeal by Permission; Judgment of the Circuit Court Affirmed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and WILLIAM C. KOCH, JR., J., joined.

John Shackelford Colley, III, Columbia, Tennessee, for the appellant, Phillip Matlock.

Leland Bruce Peden, Columbia, Tennessee, for the appellees, Kim Kokles and Mary Kokles.

John Russell Parkes, Columbia, Tennessee, for the appellee, Dan Evans.

### OPINION

This is a controversy between users of e-Bay's internet auction site. The plaintiff is a resident of Oklahoma; the defendants Matlock, (father and son) are residents of Maury County, Tennessee; the defendants Kokles are residents of Texas.

Mr. Evans alleges that he purchased an antique Dr. Pepper dispenser, owned by Robert Matlock, from Phillip Matlock at an e-Bay auction; that the sale was confirmed; that thereafter the Kokles purchased the dispenser from Robert Matlock; that the sale was fraudulent and designed to interfere with his accepted bid; and that the defendants acting in concert conspired to defeat his

contractual right. He alleges damages for: (1) breach of contract; (2) violation of the Consumer Protection Act; and (3) inducement to breach a contract.

The Kokles, the eventual purchasers of the dispenser, filed their answer alleging that Mr. Evans merely placed a bid through the e-Bay service for the antique dispenser, and that they also placed a bid for the dispenser which was higher than the bid placed by Mr. Evans. They denied the allegations of the complaint, and filed a counter-complaint, cross-complaint, and third party complaint: (1) accusing Phillip Matlock of fraud and deception with respect to the status of the dispenser; (2) seeking, as to Robert Matlock, a declaratory judgment that they purchased the dispenser from him, or alternatively, for damages; (3) seeking, as to Humphreys and Kennedy, a declaratory judgment that these third-party defendants, who were late bidders at the auction, have no ownership interest in the dispenser.

Phillip Matlock filed a motion for summary judgment, alleging that "the terms of the Agreement under which the contract was purportedly entered requires binding arbitration in lieu of litigation should any claim or controversy arise." The motion was resisted on the ground that summary judgment was inappropriate because the "applicability of the arbitration claim was in dispute."

The motion for summary judgment was denied on the ground that the arbitration clause "does not contemplate binding arbitration relative to 'user-to-user' controversies."

Phillip Matlock was granted a Tenn. R. App. P. 9 interlocutory appeal to review the trial court's determination that the arbitration clause in the User Agreement was inapplicable to user vis-à-vis user controversies. Our review is *de novo* with no presumption of correctness. *Mooney v. Sneed*, 30 S.W.3d 304, 305 (Tenn. 2000). Summary judgment is not appropriate if the movant cannot demonstrate his entitlement thereto as a matter of law. *Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000).

Discussion

The User Agreement, admittedly binding on all participants in the e-Bay auction, provides:

17. ARBITRATION. Any legal controversy or legal claim arising out of or relating to this agreement or our services, excluding legal action taken by e-Bay to collect our fees and/or recover damages for, or obtain an injunction relating to, the e-Bay site operations, intellectual property, and our services, shall be settled by binding arbitration in accordance with the commercial arbitration rules of the American Arbitration Association. Any such controversy or claim shall be arbitrated on an individual basis, and shall not be consolidated in any arbitration with any claim or controversy of any other party. The arbitration shall be conducted in San Jose, California, and judgment on the arbitration award may be entered into any court having jurisdiction thereof.

The appellant, Phillip Matlock, argues that the language "any legal controversy or legal claim arising out of or relating to this Agreement or our services . . . shall be settled by binding arbitration" is conclusive of the issue. He further insists that all material facts must be treated as undisputed because "the only attempt by the other party to create a disputed material fact was the unverified facsimile statement filed by Mr. Evans." This document, purporting to be an affidavit of e-Bay's corporate counsel, that the Agreement was applicable only to disputes involving e-Bay, is unsworn and consequently is of no legal efficacy. The point is not crucial because the dispositive issue is one of law; there are no contested issues of fact. Further, we cannot agree that the quoted language alone is conclusive of the issue, because not only the entire paragraph but the entire document should be considered in context.

A resolution of this case requires the application of contract law. While arbitration, as contrasted to litigation, is the favored method of resolving disputes, consent of the parties to arbitrate is required, and arbitration agreements rest upon the same legal footing as other contracts. *Allied Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 115 S. Ct. 834 (1995). Parties cannot be forced to arbitrate claims that they did not agree to arbitrate. *Frizzell Constr. Co. v. Gatlinburg*, 9 S.W.3d 79, 84 (Tenn. 1999).

We agree with the trial court that the arbitration clause is applicable only to controversies between e-Bay and the user and not to controversies between users. The Agreement provides that e-Bay is only a venue, and that "we are not involved in the actual transaction between buyers and sellers" and "cannot ensure that a buyer or seller will actually complete a transaction." The Arbitration Clause provides that arbitration shall be conducted in San Jose, California, and "either *you or e-Bay* may seek any interim or preliminary relief from a court of competent jurisdiction in San Jose, California . . . pending the completion of arbitration" (Emphasis supplied).[1]

The interpretation of an agreement is not dependent upon any single provision, but upon the entire body of the contract and the legal effect of it as a whole. *Aetna Cas. & Surety Co. v. Woods*, 565 S.W.2d 861, 864 (Tenn. 1978). The entire contract must be considered in determining the meaning of any or all of its parts. *Id.* The principal apparent purpose of the parties is given great weight in determining the meaning to be given to manifestations of intention of any part thereof. *Id. See also*, *Cocke County Bd. of Comm'rs v. Newport Utility Bd.*, 690 S.W.2d 231 (Tenn. 1985); *Associated Press v. WGNS, Inc.*, 348 S.W.2d 507 (Tenn. 1961); *Rainey v. Stansell*, 836 S.W.2d 117 (Tenn. Ct. App. 1992); *Paul v. Insurance Co. of N. Am.*, 675 S.W.2d 481 (Tenn. Ct. App. 1984); *Moore v. Moore*, 603 S.W.2d 736 (Tenn. Ct. App. 1980).

We do not agree with the appellant that the User Agreement is ambiguous. To the contrary, we believe the Agreement is plain and unambiguous, and enforceable according to its terms. An

---

[1]The appellee insists that the appellant did not plead the affirmative defense of arbitration as required by Tenn. R. Civ. P. 8.05, and consequently waived the issue he now urges upon the Court. While it is true that the appellant did not plead the defense of arbitration in his answer, he raised this defense in his motion for summary judgment. In light of our disposition of this case, the point does not require resolution.

ambiguity cannot be created where none exists. *Williams v. Berube & Assocs.*, 26 S.W.3d 640, 643 (Tenn. Ct. App. 2000). *See also, Vanderbilt Univ. v. DiNardo*, 174 F.3d 751 (6th Cir. 1999); *Bradson Mercantile Inc. v. Crabtree*, 1 S.W.3d 648 (Tenn. Ct. App. 1999). Interpretation of unambiguous agreements is a question of law, *Hardeman County Bank v. Stallings*, 917 S.W.2d 695 (Tenn. Ct. App. 1995), and the Agreement cannot be construed, as insisted by appellant, to require that disputes between users must be arbitrated in San Jose, California.

We find as a matter of law that the User Agreement does not encompass and is inapplicable to disputes solely between users of the e-Bay auction facility. The costs of the appeal are taxed to the appellant and the case is remanded to the trial court.

_____
PATRICIA J. COTTRELL, JUDGE