IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 6, 2011 Session

# ELIZABETH ANN (STICKNEY) COMPTON v. NEIL SCOTT STICKNEY

**Appeal from the Circuit Court for Montgomery County**
**No. 50300776      John H. Gasaway, III, Judge**

**No. M2011-01520-COA-R3-CV - Filed January 11, 2012**

This is a post-divorce dispute over father's obligation to help pay for the parties' child's college education. We conclude that, pursuant to the parties' permanent parenting plan, father is contractually obligated to continue paying support in the amount of $790 a month until the child reaches the age of 21 as long as the child is in college. We affirm the trial court's decision as modified.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

Joseph Y. Longmire, Jr., Hendersonville, Tennessee, for the appellant, Neil Scott Stickney.

Gregory D. Smith, Clarksville, Tennessee, for the appellee, Elizabeth Ann (Stickney) Compton.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

Elizabeth Ann Stickney (now Compton) ("Mother") filed for divorce from Neil Scott Stickney ("Father") on September 12, 2003, based upon irreconcilable differences. The parties filed a marital dissolution agreement and permanent parenting plan on October 7, 2003. The permanent parenting plan, which states that it is part of the marital dissolution agreement, includes the following provision under the section entitled "Private School and College": "Father will continue paying support until the child 21 [sic] if he goes to college."

The parties were divorced in January 2004 pursuant to a final decree approving and adopting the marital dissolution agreement.

In May 2005, Father petitioned the trial court to modify support and alimony. The matter was resolved by an agreed order entered in September 2006 in which the parties acknowledged the October 2003 parenting plan. Father's child support obligation was reduced to $790 per month.

Father filed the present action in March 2011 seeking a declaratory judgment as to his financial obligation to support the child after the age of 18. The trial court found that the relevant provision in the permanent parenting plan constituted an enforceable contract. Based upon a finding that the provision was ambiguous, the trial court heard testimony as to the intent of the parties. The trial court concluded that Father was obligated to pay the child's college expenses to the extent of $1,500 per month.

On appeal, Father argues that the trial court erred in finding that the permanent parenting plan constituted an enforceable contract and in interpreting the relevant provision to require Father to pay college expenses up to $1,500 per month.

STANDARD OF REVIEW

A marital dissolution agreement is a contract. *Pylant v. Spivey*, 174 S.W.3d 143, 151 (Tenn. Ct. App. 2003). Since the interpretation of a contract is a question of law, no presumption of correctness attaches on appeal to the trial court's interpretation. *Id.* at 150. The trial court's factual findings, however, are reviewed de novo with a presumption of correctness unless the record indicates otherwise. *Id.* at 151; Tenn. R. App. P. 13(d).

ANALYSIS

Father's arguments hinge on the fact that the permanent parenting plan, which includes the language regarding college expenses, was not incorporated into the final decree or signed by the trial court. Father argues that the permanent parenting plan is not an enforceable contract.

After a careful review of the entire record, we conclude that we need not determine whether the permanent parenting plan would be enforceable as a separate contract. The first sentence of the permanent parenting plan states: "This plan is a part of the Marital Dissolution Agreement." Father does not dispute that he freely and willingly signed the permanent parenting plan in conjunction with the marital dissolution agreement. As pointed out by the trial court, Father signed both documents on the same day in front of the same

-2-

notary. In its final decree, the trial court expressly "approved and adopted" the parties' marital dissolution agreement. Therefore, the permanent parenting plan is enforceable as part of the marital dissolution agreement adopted by the court.[1]

A marital dissolution agreement is essentially a contract, and pursuant to the rules of construction, we ascertain the intent of the parties from the natural and ordinary meaning of the contractual language. *Barnes v. Barnes*, 193 S.W.3d 495, 498 (Tenn. 2006); *Johnson v. Johnson*, 37 S.W.3d 892, 896 (Tenn. 2001). In construing a contract, we must consider the entire contract and interpret all of the provisions in harmony with one another. *City of Cookeville, Tenn. v. Cookeville Reg'l Med. Ctr.*, 126 S.W.3d 897, 904 (Tenn. 2004); *Teter v. Republic Parking Sys., Inc.*, 181 S.W.3d 330, 342 (Tenn. 2005).; *Aetna Cas. & Sur. Co. v. Woods*, 565 S.W.2d 861, 864 (Tenn. 1978).

We must disagree with the trial court's finding that the relevant provision of the permanent parenting plan is ambiguous. In an optional section of the parenting plan entitled "Private School and College," the plan states:

> The parties agree as follows regarding private school (elementary and high school) and college or vocational training after high school:
>
> Father will continue paying support until the child 21 [sic] if he goes to college.

Father asserts that the term "support" is ambiguous as to amount and recipient. In the entire parenting plan, however, the term "support" is used only to refer to child support. Father responds that another section of the parenting plan deals with child support, and that any provision related to child support should have appeared there. The child support section of the parenting plan form does not, however, include a place for such information. The section in which the provision at issue appears specifically references the parties' intentions as to their child's college education.

We find no ambiguity in this provision. The permanent parenting plan requires Father to "continue paying support" as long as the parties' son remains in college. Because of the use of the word "continue," we conclude that Father was obligated to continue paying the amount being paid for child support at the time when the child reached emancipation.

---

[1]Even if we did not find the permanent parenting plan to be part of the marital dissolution agreement, the plan would constitute a legally enforceable contract. We disagree with Father's assertion that the permanent parenting plan lacked consideration. It was executed as part of the package of documents necessary for Father to obtain a divorce.

Pursuant to an agreed order entered in September 2006, Father's child support obligation was reduced from $1,500 per month to $790 per month. We, therefore, conclude that Father must continue paying $790 a month as long as the parties' son is enrolled in college.

CONCLUSION

The judgment of the trial court is affirmed as modified. Costs of appeal are assessed equally against both parties, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE